IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARRYL D. PITTS            :   CIVIL ACTION
                           :
        v.                 :
                           :
LOUIS S. FOLINO, et al.    :   NO. 06-3718


ORDER

AND NOW, this 12th day of July, 2007, upon consideration of Pitts's amended petition for habeas corpus under 28 U.S.C. § 2254 (docket entry # 6), the Commonwealth's response (docket entry # 20), Chief Magistrate Judge Carol Sandra Moore Wells' report and recommendation (docket entry # 24), and Pitts's objections (docket entry # 25), and the Court finding that:

(a)  Pitts objects on grounds of actual innocence to Judge Wells' finding that his claims are procedurally defaulted;

(b)  A petitioner who presents "new reliable evidence" of actual innocence "that was not presented at trial" may obtain review of his habeas claims despite procedural default of the claims,[1] Schlup v. Delo, 513 U.S. 298, 324 (1995);

(c)  The evidence of actual innocence need not itself form the basis for the habeas petition,[2] but must raise sufficient concerns about the results of the trial to bring petitioner's case within the "narrow class of cases . . . implicating a fundamental

_____

[1] Pitts does not argue in his objection that his claims are not procedurally defaulted but only that his procedural default should be excused by reason of his new evidence of actual innocence.

[2] Indeed, Pitts's petition sounds entirely in ineffective assistance of counsel.  He asserts his actual innocence only as a means of passing through the Schlup gateway, not as a substantive basis for issuing the writ.

miscarriage of justice," id. at 315 (quoting McClesky v. Zant, 499 U.S. 467, 494 (1991));

(d)  In order to make such a showing, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence," id. at 327;

(e)  This standard "is demanding and permits review only in the 'extraordinary' case," House v. Bell, 126 S. Ct. 2064, 2077 (2006) (quoting Schlup, 513 U.S. at 327);

(f)  Petitioner identifies three items of evidence, not presented at trial, that he claims require us to ignore his procedural default:  the failure to submit a green Philadelphia Eagles jacket for DNA testing, a "sign-in book" that would have shown that he was volunteering at a church when the burglary took place, and medical records that would have shown that he was physically unable to assault the victim as she testified the perpetrator did;

(g)  Pitts claims that DNA testing of the jacket, which was linked to the crime, would have failed to produce any evidence that he had ever worn the jacket;

(h)  Even if we accept Pitts's contention that a DNA test would have been negative, we cannot say that this calls the jury's verdict into question;

(i)  The Commonwealth was able to convict Pitts without DNA evidence to link him to the jacket, and a negative DNA test certainly does not prove that Pitts had never worn the jacket;

2

(j)  Unlike the situation in House, where DNA evidence had been affirmatively used to link petitioner to the crime, Pitts claims only that DNA testing would have failed to yield further inculpatory evidence;

(k)  While a negative DNA test would have been of some potential value as exculpatory evidence at trial, it comes nowhere near the exacting Schlup standard;

(l)  Further, because Pitts does not have the negative DNA test and the jacket has since been destroyed, the only "new" evidence he presents at this stage is his unsupported contention that a DNA test, if performed, would have yielded a negative result;

(m)  This is not the sort of "reliable" evidence Schlup mandates for the excuse of procedural default;

(n)  Pitts next asserts the existence of a sign-in book[3] that would demonstrate that he was volunteering at a church during the first burglary;

(o)  Given the ease with which such a record could be forged or doctored and the extremely low probability that an authentic copy can be produced at this late date, this is far from the sort of reliable evidence that would lead us to a conclusion that no reasonable juror could have convicted Pitts;

(p)  Finally, Pitts claims that medical records from the time before the first burglary demonstrate his actual innocence

---

[3] We note that, as with the jacket, Pitts does not claim to have the sign-in book in his possession or even to know that it can be found.

because they prove that he would have been physically unable to assault the victim as she described;

(q)   This is not "new" evidence, however, because it was available to Pitts at the time of his pretrial hearing,[4] see Pet. Obj. at 6-7;

(r)   To be "new" within the meaning of Schlup, it is not enough that evidence was not introduced at trial;

(s)   Rather, petitioner must demonstrate that the evidence was unavailable to be introduced, see Hubbard v. Pinchak, 378 F.3d 333, 340 (3d Cir. 2004);

(t)   Because petitioner has failed to produce any reliable new evidence that would support his claim that his actual innocence warrants the extraordinary remedy of forgiving his procedural default, we will overrule his objections and adopt Judge Wells' Report and Recommendation;

It is hereby ORDERED that:

1.    The Report and Recommendation is APPROVED and ADOPTED;

2.    The petition for writ of habeas corpus is DENIED;

3.    Pitts having made no substantial showing of the denial of a constitutional right, we DECLINE to issue a certificate of appealability; and

---

[4] It is not entirely clear from the record before us why the evidence was not introduced at trial.  Petitioner does not, however, make any claim that it was improperly excluded by the court.

4

4.    The Clerk of Court shall CLOSE this matter
statistically.

                                        BY THE COURT:


                                        /s/ Stewart Dalzell, J.